Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

D. GOEBEL, individually,

Plaintiff,

v.

STRANDED LLC, a California Limited Liability Company; PAULA PATTON, an individual; DEON L. TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOE 1 through and including DOE 10,

Defendants.

Case No:

**UNLIMITED CIVIL COMPLAINT**
[*PAGA Representative Action and FLSA Collective Action*]

1. Section 203 of the California Labor Code, Continuing Wages
2. Section 226.7 and 512 and IWC Wage Order 7, Failure to Provide Proper Meal or Rest Breaks.
3. Sections 510 and 1194 of the California Labor Code, Failure to Pay Minimum Wage and Overtime
4. Section 226(a) of the California Labor Code, Failure to Provide Pay Stubs
5. Cal. Bus & Prof. Code Section 17200 *et seq.* – Restitution
6. Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

**JURY TRIAL DEMANDED**

Plaintiff, by and through his undersigned attorneys, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff David Goebel ("Goebel") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

2. Defendant Stranded LLC ("Stranded") is a California limited liability company, which at all times relevant herein, conducted business within the Eastern District of the State of California. Stranded employed Goebel as a driver for the motion picture production of "Stranded" (the "Production").

3. Defendant Paula Patton ("Patton") is an individualwho at times relevant herein, conducted business within the Eastern District of the State of California.

4. Defendant Deon Lashay Taylor ("Deon") is an individual who was a producer on the Production and at times relevant herein, conducted business within the Eastern District of the State of California.

5. Defendant Roxanne Taylor ("Roxanne") is an individual who was a producer on the Production and at times relevant herein, conducted business within the Eastern District of the State of California.

6. Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure. Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously name defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named Defendants is an entity, which during the relevant time period maintained a place of business in the Eastern District of the State of California.

7. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-Defendants as aforesaid, when acting as a principal, were

negligent and reckless in the selection and hiring of each and every other Defendants as an agent, servant, employee, corporate officer, and/or joint venture, and that each and every Defendant ratified the acts of the co-Defendants.

8. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, seeking relief under state and federal law on account of unpaid wages, unpaid overtime, damages, continuing wages, damages, penalties, resitution and attorneys' fees and costs. This Court may have supplemental and/or ancillary jurisdiction with respect to the state law claims alleged herein. Venue is proper in this Eastern District of California since a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants maintain an office, transacts business, has an agent, or is found in the County of Placer and are within the jurisdiction of this Court for purposes of service of process. The violations of the Fair Labor Standards Act alleged herein had a direct effect on and were committed within the Eastern District of California, impacting Plaintiff and the Aggrieved Employees.

## GENERAL ALLEGATIONS

9. This is and/or will be a civil action and law enforcement action under the California Labor Code Private Attorneys General Act ("PAGA") seeking unpaid wages, continuing wages, damages, civil penalties, statutory penalties and attorneys' fees and costs. Plaintiff has provided statutory notice to the California Labor and Workforce Development Agency of the claims set forth in this complaint and to Defendants. Upon expiration of the statutory period, Plaintiff will amend the complaint to assert a claim for relief under PAGA.

10. Defendants employed Plaintiff as a driver from in or around August 29, 2016 to in or around September 30, 2016. As of the day of filing of this complaint, Defendants have failed to properly compensate Plaintiff other persons who performed services in the Transportation Department ("Aggrieved Employees") for work performed during this time period.

11. Plaintiff and the Aggrieved Employees worked overtime on the filming of a

motion picture (the "Production"), toiling in excess of forty hours per week and routinely working for Defendants on days in excess of eight hours in a single day. However, as of the filing of this Complaint, neither Plaintiff nor other Aggrieved Employees have been compensated as required by law.

12. Plaintiff and the Aggrieved Employees were also required to keep their walkie talkie radios on at all times, including during meal and rest breaks. This policy denied Plaintiff and Aggrieved Employees the ability to take legally compliant meal and rest breaks as required by California law.

13. In or around September 30, 2016, Plaintiff was laid off without a return date for any further work, and he has not worked for the Defendants since that day. Although Plaintiff should have been paid in full for his accrued minimum wages, overtime and meal and rest break wages no later than in October of 2016, he was not paid the full amount of wages owing to him. On or about June 28, 2017, almost nine months after the work was performed, Plaintiff finally received certain checks and wage statements. However the payments did not fully compensate Plaintiff for all outstanding wages, and the wage statements were missing information such as hours worked, rate of pay, and the legal name and address of the employer. Plaintiff and other similarly situated Aggrieved Employees of the Defendants have as of the date of filing of this Complaint not been fully compensated for work performed for the Defendants.

14. At all relevant times mentioned herein, Wage Order 12 of the California Industrial Welfare Commission applied to Plaintiff and Aggrieved Employees. In part, the Wage Order reflects employer obligations regarding hours and days of work, reporting time pay, records, meal periods and rest periods (oblicagions which the employer, here, failed to fulfill, both with respect to Plaintiff and Aggrieved Employees). The Wage Order provides, in relevant part:

**3. Hours and Days of Work.**

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime as follows:

(a) Employees may be employed up to a maximum of sixteen (16) hours including meal periods in any one day from the time they are required and do report until dismissed, provided the employee is compensated for such overtime at not less than:

(1) For daily employees and weekly employees, excluding weekly employees guaranteed more than forty (40) hours a workweek and "on call" employees, one and one-half (1.5) times the employee′s regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any one workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday, , and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(3) Overtime payments shall not be compounded and all payments made by the employer for daily overtime on the basis herein above specified shall be applied toward any sum for weekly overtime.

(4) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary. The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

. . .

**7. <u>Records.</u>**

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of

the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

. . .

**11. <u>Meal Periods.</u>**

(A) No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour. Subsequent meal period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period.

(B) Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(D) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

**12. <u>Rest Periods.</u>**

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3.5) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

15. At all relevant times mentioned herein, section 201.5 of the California Labor Code provided in part:

(a) For purposes of this section, the following definitions apply:

(1) "An employee engaged in the production or broadcasting of motion pictures" means an employee to whom both of the following apply:

(A) The employee's job duties relate to or support the production or broadcasting of motion pictures or the facilities or equipment used in the production or broadcasting of motion pictures.

(B) The employee is hired for a period of limited duration to render services relating to or supporting a particular motion picture production or broadcasting project, or is hired on the basis of one or more daily or weekly calls.

(2) "Daily or weekly call" means an employment that, by its terms, will expire at the conclusion of one day or one week, unless renewed.

(3) "Next regular payday" means the day designated by the employer, pursuant to Section 204, for payment of wages earned during the payroll period in which the termination occurs.

(4) "Production or broadcasting of motion pictures" means the development, creation, presentation, or broadcasting of theatrical or televised motion pictures, television programs, commercial advertisements, music videos, or any other moving images, including, but not limited to, productions made for entertainment, commercial, religious, or educational purposes, whether these productions are presented by means of film, tape, live broadcast, cable, satellite transmission, Web cast, or any other technology that is now in use or may be adopted in the future.

(b) An employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination **by the next regular payday**.

(c) The payment of wages to employees covered by this section may be mailed to the employee or made available to the employee at a location specified by the employer in the county where the employee was hired or performed labor. The payment shall be deemed to have been made on the date that the employee's wages are mailed to the employee or made available to the employee at the location specified by the employer, whichever is earlier.

(d) For purposes of this section, an employment terminates when the employment relationship ends, whether by discharge, lay off, resignation, completion of employment for a specified term, or otherwise.

> (e) Nothing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204.

Cal. Lab. Code § 201.5. At all relevant times mentioned herein, section 201.5 of the California Labor Code controlled final payment of wages to Plaintiff and the Aggrieved Employees.

16. At all times relevant herein, section 204 of the California Labor Code provided in part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

17. In no event should Plaintiff or the Aggrieved Employees have been paid later than the time periods established by sections 201.5 or 204 of the California Labor Code, but certain payments to Plaintiff and the Aggrieved Employees were made approximately 9 months after they were due, some have yet to be made, all leading to penalties and civil penalties under sections 203 and 204 of the California Labor Code.

18. At all relevant times mentioned herein, section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an

> employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

19. By failing to pay Plaintiff and Aggrieved Employees all wages when due at his termination, Plaintiff and Aggrieved Employees are entitled to continuing wages pursuant to section 203 of the California Labor Code.

20. At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

21. At all relevant times mentioned herein, section 510(a) of the California Labor Code provided:

> Eight hours of labor constitutes a day’s work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight

> hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following: (1) An alternative workweek schedule adopted pursuant to Section 511. (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Cal. Lab. Code § 510.

22. Defendants failed to pay proper overtime to Plaintiff and Aggrieved Employees.

23. At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194.

24. Plaintiff and Aggrieved Employees were not timely paid the minimum wages and/or overtime to which they were entitled.

25. At all relevant times mentioned herein, section 558.1 of the California Labor Code provided:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare

> Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
>
> (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Code § 558.1. Defendants are the joint employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the Code referenced herein.

26. At all relevant times mentioned herein, section 558 of the California Labor Code provided:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558. Defendants are the employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the California

Labor Code referenced herein.

## FIRST CAUSE OF ACTION

(Continuing Wages, California Labor Code § 201.5, 203, 204
On Behalf of Plaintiff Against All Defendants)

26. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

27. Defendants employed Plaintiff on the Production as a driver. As of the date of filing of this Complaint, neither Plaintiff nor Aggrieved Employees have been compensated fully for their services.

28. Plaintiff last worked for Defendants in September of 2016. As provided in California Labor Code Section 201.5, Plaintiff should have been compensated his final wages by no later than during October of 2016. Plaintiff received various checks and wage statements on June 28, 2017—approximately 9 months after they were due. To date, Defendants have not fully paid Plaintiff his earned wages as required by section 201.5 of the California Labor Code.

29. Defendants' failure to compensate Plaintiff within the time for which provision is made by section 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203, demand for such wages having been made since the Production concluded in 2016.

30. Pursuant to section 203 of the California Labor code, Plaintiff is entitled to continuing wages from Defendants in an amount according to proof, at least $15,000. Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

## SECOND CAUSE OF ACTION

(Failure to Provide Proper Rest and Meal Periods, California Labor Code §§ 226.7 and 512 and IWC Wage Order
On Behalf of Plaintiff and Against All Defendants)

31. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

27. At all times herein relevant, section 226.7 of the California Labor Code and the California Code of Regulations provided that employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than six hours and a second thirty minute meal period after no less than six hours after the termination of the preceding meal period. Plaintiff was routinely deprived of compliant meal breaks. Similarly, he was routinely deprived of required rest breaks. Defendant Stranded required that Plaintiff and other Aggrieved Employees keep their walkie talkie radios on and respond to calls at all times, including during meal and rest breaks. This policy prevented Plaintiff or Aggrieved Employees from being provided legally compliant meal and rest breaks required be California law.

32. Because Defendants failed to properly provide the required meal periods, they are liable to Plaintiff for one hour of additional pay at the regular rate of compensation, for each workday during which the proper meal period was not provided, all pursuant to Labor Code section 226.7 and California Code of Regulations. Because Defendants failed to properly provide the required rest periods, they are liable to Plaintiff for one hour of additional pay at the regular rate of compensation, for each workday during which the proper rest period was not provided, all pursuant to Labor Code section 226.7 and California Code of Regulations. Plaintiff also requests relief as described below, including damages in an amount of unpaid meal and rest period wages in an amount of at least $1000.

## THIRD CAUSE OF ACTION

(Damages for Unpaid Minimum Wages and Overtime Compensation,
California Labor Code §§ 510 and 1194
On Behalf of Plaintiff Against All Defendants)

33. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

34. During his employment by Defendants on the Production, Plaintiff, as well as Aggrieved Employees, worked many hours, including overtime, without compensation for work performed, as required by law.

35. Plaintiff are entitled to recover liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof. Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code, damages in excess of $1000.

**FOURTH CAUSE OF ACTION**

(Failure to Provide Information on Pay Stubs, California Labor Code § 226(a)
On Behalf of Plaintiff Against All Defendants)

36. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

37. Defendants failed to timely provide Plaintiff and Aggrieved Employees with wage statements conforming to the requirements of section 226(a) of the California Labor Code. For example, Defendant provided Plaintiff with tardy and noncompliant wage statements, failing to meet the requirements of section 226(a) of the California Labor Code. Plaintiff received certain wage statements on June 28, 2017, almost 9 months after he last worked. Moreover, Defendant failed to provide information concerning "(2) total hours worked by the employee . . . (8) the name and address of the legal entity that it the employer." Labor Code §226(a). Plaintiff's wage statements do not indicate his rate of pay or the number of hours that were worked in a given pay period. Moreover, one cannot determine "from the wage statement alone" whether Stranded is the actual employer. Certain of Defendants' paychecks and wage statements are attached as **Exhibit 1**. All of the foregoing was intentional misconduct of Defendant that injured Plaintiff and Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

38. The failure of Defendants to provide proper wage statements violates section 226(a) of the California Labor Code insofar as neither the Plaintiff nor other Aggrieved

Employees have received data to which they are entitled. The failure to provide Plaintiff or Aggrieved Employees with wage statements caused Plaintiff and Aggrieved Employees injury by depriving them of information to which they are legally entitled. Accordingly, Plaintiff is entitled to damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e), all in an amount of at least $450.

## FIFTH CAUSE OF ACTION

(Unfair Business Practices On Behalf of Plaintiff Against All Defendants)

39. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

40. Business and Professions Code section 17200 *et seq*. prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that Stranded has engaged in unfair business practices in California by the above-described failure to provide rest breaks and failure to provide meal breaks to Class Members, as well as failing to pay all accrued overtime.

41. Defendants' violations of the FLSA and California wage and hour laws constitutes a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Aggrieved Employees.

42. Defendants have avoided payment of wages and overtime wages, and failed to provide meal periods, rest periods, and other benefits required by the FLSA, the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

43. As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Aggrieved Employees and members of the public.

Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and Aggrieved Employees.

44. Defendants' actions entitle Plaintiff to seek the remedies available under section 17200 *et seq*. Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein. Plaintiff, on behalf of himself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

## SIXTH CAUSE OF ACTION

(Fair Labor Standards Act On Behalf of Plaintiff and Aggrieved Employees Against All Defendants)

45. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

46. Plaintiff is informed and believes, and on that basis alleges, that Defendants are employers pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 203.

47. Plaintiff and Aggrieved Employees worked in excess of 40 hours per week during their employment on the Production as herein alleged.

48. Under 29 U.S.C. §§ 207(a) and 216(b), Plaintiff is entitled to recover from Defendants unpaid wages and overtime pay at a rate of 1.5 times his regular rate of pay for hours worked in excess of 40 hours per week, and an equal amount as liquidated damages, as well as costs and attorney's fees.

49. Defendants failed to compensate Plaintiff as required by 29 U.S.C. §§ 207(a) and 216(b).

50. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

51. Plaintiff is entitled to damages for unpaid earned wages and unpaid overtime premiums in an amount to be proven at trial, plus an equal amount in liquidated damages.

52. Plaintiff brings this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party." 29 U.S.C. § 216(b). Pursuant to the FLSA, Plaintiff seeks to represent the following Collective Action:

> **Federal-Law Overtime Collective Action**: Since the period of time commencing three years prior to the filing of the Complaint, all non-exempt individuals employed by Defendants in Los Angeles County who worked more than forty hours during a pay period.

53. Plaintiff's consent to bring this action is attached hereto as **Exhibit 2**.

**WHEREFORE**, Plaintiff prays judgment as follows:

1. That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's wages was in violation of section 201.5, and 204 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Stranded in favor of Plaintiffs. That judgment be entered in favor of Plaintiffs in an amount prescribed by section 203 of the California Labor Code, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

2. That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff and against Defendants in an amount of one additional hour of pay, at his regular rate, for each workday for which a proper meal period or a rest period was not properly provided, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7 and 512 and in an amount as prayed or otherwise determined by order of court.

3. That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and against Defendants in the amount of his unpaid liquidated damages, interest thereon, reasonable attorneys' fees and cost of suit pursuant to sections 1194, 1194.2, and

1197.1. Specifically, that judgment be entered in favor of Plaintiff to recover his liquidated damages according to proof, in an amount, in an amount as prayed or otherwise determined by order of court.

5. That, under the Fourth Cause of Action, the Court enter judgment in favor of Plaintiff and against Stranded. That judgment be entered in favor of Plaintiff in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e).

6. That, under the Fifth Cause of Action, the Court enter judgment in favor of Plaintiff and against Defendants. That judgment be entered in favor of Plaintiff in an amount according to proof or as otherwise plead.

7. That, under the Sixth Cause of Action, the Court certify a collective action and enter judgment in favor of Plaintiff and against all Defendants, including attorneys' fees and reimbursement of costs. That judgment be entered in favor of Plaintiff in an amount according to proof or as otherwise plead.

For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

DATED: July 27, 2017

HARRIS & RUBLE

*/s/ Alan Harris*
Alan Harris
*Attorney for Plaintiff*

**Index to Exhibits**

Exhibit 1 -- Checks and Wage Statements received by Plaintiff

Exhibit 2 -- Plaintiff's FLSA consent

# Exhibit 1

| Date | In | Out | Hrs | meal | 12 hr min | Reg hrs | rate | Amt | 1.5 X hrs | 12hr Max | rate | Amt | 2 X hrs | rate | Amt | TTL $$ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28-Aug | 1650 | 2050 | 4 | 0.5 | 12 | 8 | 14.29 | | 4 | ? | 21.43 | | | 28.57 | | |
| 29-Aug | 350 | 2150 | 18 | 0.5 | 17.5 | 8 | | | 9.5 | ? | | | | | | |
| 30-Aug | 600 | 2350 | 17.5 | 0.5 | 17 | 8 | | | 9 | ? | | | | | | |
| 31-Aug | 1000 | 2550 | 15.5 | 0.5 | 15 | 8 | | | 7 | ? | | | | | | |
| 1-Sep | 1000 | 2650 | 16.5 | 0.5 | 16 | 8 | | | 8 | ? | | | | | | |
| 2-Sep | 1250 | 2950 | 17 | 0.5 | 16.5 | 0 | | | 16.5 | ? | | | | | | |
| | | | | | 94 | 40 | | | 54 | ? | | | 14 | | | |
| | | | | | 94 | 40 | | 571.6 | 40 | | | 857.2 | 14 | | 399.98 | 1828.78 |

SHORT 8 DOUBLETIME HOURS - PAID AS 1.5

| Date | In |
|---|---|
| 28-Aug | 1650 |
| 29-Aug | 350 |
| 30-Aug | 600 |
| 31-Aug | 1000 |
| 1-Sep | 1000 |
| 2-Sep | 1250 |

÷ 12 = $16.66

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 09/09/16 Check #: 160784
Period begin: 08/28/16 Period end: 09/03/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basic Wages | 14.29 | 40.00 | 571.43 | 21.43 | 40.00 | 857.15 | 28.57 | 14.00 | 400.00 | 94.00 | 1,828.58 | FICA-SS | 113.37 |
| | | | | | | | | | | | | FICA-MED | 26.51 |
| | | | | | | | | | | | | FIT | 233.92 |
| | | | | | | | | | | | | California SIT | 73.34 |
| | | | | | | | | | | | | California SDI | 16.46 |
| Totals | | 40.00 | 571.43 | | 40.00 | 857.15 | | 14.00 | 400.00 | 94.00 | 1,828.58 | | 463.60 |

16.66

Accruable benefits Used this check Available

Net Check 0.00
Direct Deposit 1,364.98
Total Pay 1,364.98

Stranded, LLC
8060 Shelborne Dr
Granite Bay, CA 95746

Short 8 doubletime hours paid as 1½

NPI ENTERTAINMENT PAYROLL, INC.

CORPORATE OFFICE
2550 Hollywood Way
Fourth Floor, Suite 430
Burbank, CA 91505
Phone: 818-566-7878 Fax: 818-566-7879
www.NPIpayroll.com

WEEK 9-6 - to 9-9

Please Check If:
Non-Union ☐
Union ☐
Union Local

| | |
|---|---|
| Employee Name DAVID GOEBEL | Production Co. |
| SSN [redacted] Phone No. | Shooting Location |
| Occupation DRIVER | Ad Agency |
| Rate of Pay | Advertiser-Product |
| | Title |
| | Job No. |
| | P.O. No. |

| DAY | DATE | AICP LINE NO. | TIME IN | TIME OUT | MEAL BREAK #1 OUT | MEAL BREAK #1 IN | MEAL BREAK #2 OUT | MEAL BREAK #2 IN | TOTAL HOURS | REGULAR Hrs. | REGULAR Rate | REGULAR AMOUNT | 1.5X Hrs. | 1.5X Rate | 1.5X AMOUNT | 2X Hrs. | 2X Rate | 2X AMOUNT | 3X Hrs. | 3X Rate | 3X AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SUN | | | | | | | | | | | | | | | | | | | | | |
| MON | | | | | | | | | | | | | | | | | | | | | |
| TUES | 9-6 | | 0650 | 2100 | 1250 | 1300 | | | 14.5 | | | | | | | | | | | | |
| WED | 9-7 | | 0750 | 2150 | 1250 | 1300 | | | 14 | | | | | | | | | | | | |
| THU | 9-8 | | 1650 | 3450 | 2250 | 2300 | | | 18 | | | | | | | | | | | | |
| FRI | 9-9 | | 1850 | 3450 | 2450 | 2500 | | | 16 | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | | | | | | | | | |

(PRODUCTION COMPANY USE ONLY)

| OTHER NON-TAXABLE REIMBURSEMENTS ITEM | AMOUNT | MISC. DEDUCTIONS ITEM | AMOUNT | Prod. Mgr. Initials | COMMENTS: | TOTAL AMOUNT |
|---|---|---|---|---|---|---|
| | $ | | $ | | | |
| | $ | | $ | | | |
| | $ | | $ | | | |

I certify that the information contained in this timecard is true and complete to the best of my knowledge. I agree to notify NPI Production Services, Inc. within 24 hours of any work related injury by telephone and agree to complete any related claim forms within 48 hours of injury.

David Goebel 9-12-2016

Employee Signature Date Production Manager Signature Date

---

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 09/16/16 Check #: 161107
Period begin: 09/04/16 Period end: 09/10/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basic Wages | 14.29 | 32.00 | 457.15 | 21.43 | 23.50 | 503.58 | 28.57 | 5.00 | 142.86 | 60.50 | 1,103.59 | FICA-SS | 68.42 |
| | | | | | | | | | | | | FICA-MED | 16.01 |
| | | | | | | | | | | | | FIT | 111.36 |
| | | | | | | | | | | | | California SIT | 23.76 |
| | | | | | | | | | | | | California SDI | 9.93 |
| Totals | | 32.00 | 457.15 | | 23.50 | 503.58 | | 5.00 | 142.86 | 60.50 | 1,103.59 | | 229.48 |

Stranded, LLC
8060 Shelborne Dr
Granite Bay, CA 95746

Short 7.5 doubletime Paid as 1½x ☆

| Accruable benefits | Used this check | Available |
|---|---|---|

| | |
|---|---|
| Net Check | 0.00 |
| Direct Deposit | 874.11 |
| Total Pay | 874.11 |

NPI
ENTERTAINMENT PAYROLL, INC.

**CORPORATE OFFICE**
2550 Hollywood Way
Fourth Floor, Suite 430
Burbank, CA 91505
Phone: 818-566-7878 Fax: 818-566-7879
www.NPIpayroll.com

WORK WEEK 9-12-16 to 9-15-16

Please Check If:
- Non-Union ☐
- Union ☐
- Union Local [ ]

| | |
|---|---|
| Employee Name DAVID GOEBEL | Production Co. |
| SSN Phone No. | Shooting Location |
| Occupation DRIVER | Ad Agency |
| Rate of Pay 200 PER DAY | Advertiser-Product |
| | Title |
| | Job No. |
| | P.O. No. |

| DAY | DATE | AICP LINE NO. | TIME IN | TIME OUT | MEAL BREAK #1 OUT | MEAL BREAK #1 IN | MEAL BREAK #2 OUT | MEAL BREAK #2 IN | TOTAL HOURS | REGULAR Hrs. | REGULAR Rate | REGULAR AMOUNT | 1.5X Hrs. | 1.5X Rate | 1.5X AMOUNT | 2X Hrs. | 2X Rate | 2X AMOUNT | 3X Hrs. | 3X Rate | 3X AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SUN | | | | | | | | | | | | | | | | | | | | | |
| MON | 9/12 | | 1600 | 2600 | 1900 | 1950 | | | 10 | 8 | 14.28 | | 4 | 21.42 | | | | | | | |
| TUES | 9/13 | | 1450 | 2950 | 1800 | 1850 | | | 15 | | | | | | | | | | | | |
| WED | 9/14 | | 1450 | 2750 | 1800 | 1850 | | | 13 | | | | | | | | | | | | |
| THU | 9/15 | | 1300 | 1850 | | | | | 5.5 | | | | | | | | | | | | |
| FRI | | | | | | | | | | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | | | | | | | | | |

PRODUCTION COMPANY USE ONLY

| OTHER NON-TAXABLE REIMBURSEMENTS ITEM | AMOUNT | MISC. DEDUCTIONS ITEM | AMOUNT | Prod. Mgr. Initials | COMMENTS: | TOTAL AMOUNT |
|---|---|---|---|---|---|---|
| | $ | | $ | | | |
| | $ | | $ | | | |
| | $ | | $ | | | |

I certify that the information contained in this timecard is true and complete to the best of my knowledge. I agree to notify NPI Production Services, Inc. within 24 hours of any work related injury by telephone and agree to complete any related claim forms within 48 hours of injury.

David Goebel 9-26-2016

Employee Signature Date Production Manager Signature Date

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 09/23/16 Check #: 161592
Period begin: 09/11/16 Period end: 09/17/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basic Wages | 14.28 | 32.00 | 456.96 | 21.42 | 17.00 | 364.14 | 28.56 | 1.00 | 28.56 | 50.00 | 849.66 | FICA-SS | 55.34 |
| Supplement | | | 42.84 | | | | | | | | 42.84 | FICA-MED | 12.94 |
| | | | | | | | | | | | | FIT | 79.69 |
| | | | | | | | | | | | | California SIT | 14.47 |
| | | | | | | | | | | | | California SDI | 8.03 |
| Totals | | 32.00 | 499.80 | | 17.00 | 364.14 | | 1.00 | 28.56 | 50.00 | 892.50 | | 170.47 |

Accruable benefits Used this check Available

Stranded, LLC
8060 Shelborne Dr
Granite Bay, CA 95746

* Short 1 hour
+ Short 2 doubletime hours paid as 1 1/2x

| | |
|---|---|
| Net Check | 0.00 |
| Direct Deposit | 722.03 |
| Total Pay | 722.03 |

NPI
ENTERTAINMENT PAYROLL, INC.

**CORPORATE OFFICE**
2550 Hollywood Way
Fourth Floor, Suite 430
Burbank, CA 91505
Phone: 818-566-7878 Fax: 818-566-7879
www.NPIpayroll.com

Please Check If:
- Non-Union ☐
- Union ☐
- Union Local

| | |
|---|---|
| Employee Name DAVID GOEBEL | Production Co. |
| SSN Phone No. | Shooting Location |
| Occupation DRIVER | Ad Agency |
| Rate of Pay | Advertiser-Product |
| | Title |
| | Job No. |
| | P.O. No. |

| DAY | DATE | AICP LINE NO. | TIME IN | TIME OUT | MEAL BREAK #1 OUT | MEAL BREAK #1 IN | MEAL BREAK #2 OUT | MEAL BREAK #2 IN | TOTAL HOURS | REGULAR Hrs. | REGULAR Rate | REGULAR AMOUNT | 1.5X Hrs. | 1.5X Rate | 1.5X AMOUNT | 2X Hrs. | 2X Rate | 2X AMOUNT | 3X Hrs. | 3X Rate | 3X AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SUN | | | | | | | | | | | | | | | | | | | | | |
| MON | 9/19 | | 1400 | 3150 | 2000 | 2050 | | | 1750 | | | | | | | | | | | | |
| TUES | 9/20 | | 1750 | 3050 | 2350 | 2400 | | | 1300 | | | | | | | | | | | | |
| WED | 9/21 | | 1600 | 3200 | 2700 | 2750 | | | 1600 | | | | | | | | | | | | |
| THU | 9/22 | | 1850 | 3400 | 2450 | 2500 | | | 1550 | | | | | | | | | | | | |
| FRI | 9/23 | | 2050 | 3400 | 2650 | 2700 | | | 1350 | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | | | | | | | | | |

PRODUCTION COMPANY USE ONLY

| OTHER NON-TAXABLE REIMBURSEMENTS ITEM | AMOUNT | MISC. DEDUCTIONS ITEM | AMOUNT | Prod. Mgr. Initials | COMMENTS: | TOTAL AMOUNT |
|---|---|---|---|---|---|---|
| | $ | | $ | | | |
| | $ | | $ | | | |
| | $ | | $ | | | |

I certify that the information contained in this timecard is true and complete to the best of my knowledge. I agree to notify NPI Production Services, Inc. within 24 hours of any work related injury by telephone and agree to complete any related claim forms within 48 hours of injury.

David Goebel 9-26-2016

Employee Signature Date Production Manager Signature Date

---

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 09/30/16 Check #: 161939
Period begin: 09/18/16 Period end: 09/24/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basic Wages | 20.26 | 40.00 | 810.55 | 30.40 | 28.50 | 866.27 | 40.53 | 3.00 | 121.58 | 71.50 | 1,798.40 | FICA-SS | 111.50 |
| | | | | | | | | | | | | FICA-MED | 26.07 |
| | | | | | | | | | | | | FIT | 226.38 |
| | | | | | | | | | | | | California SIT | 70.69 |
| | | | | | | | | | | | | California SDI | 16.19 |
| Totals | | 40.00 | 810.55 | | 28.50 | 866.27 | | 3.00 | 121.58 | 71.50 | 1,798.40 | | 450.83 |

Accruable benefits Used this check Available

Stranded, LLC
8060 Shelborne Dr
Granite Bay, CA 95746

Short 10 doubletime hours - paid as 1 1/2 x

| | |
|---|---|
| Net Check | 0.00 |
| Direct Deposit | 1,347.57 |
| Total Pay | 1,347.57 |

Exhibit 1 - 004

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 10/[illegible]/16 Check #: 162616
Period begin: 09/25/16 Period end: 10/01/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basic Wages | 31.57 | 40.00 | 1,262.80 | 47.36 | 20.00 | 947.10 | 63.14 | 19.50 | 1,231.23 | 79.50 | 3,441.13 | FICA-SS | 213.35 |
| | | | | | | | | | | | | FICA-MED | 49.90 |
| | | | | | | | | | | | | FIT | 645.39 |
| | | | | | | | | | | | | California SIT | 235.00 |
| | | | | | | | | | | | | California SDI | 30.97 |
| Totals | | 40.00 | 1262.80 | | 20.00 | 947.10 | | 19.50 | 1231.23 | 79.50 | 3,441.13 | | 1,174.61 |

Driver / Local 399
Stranded, LLC
8060 Shelborne Dr
Granite Bay, CA 95746

Accruable benefits Used this check Available

Net Check 0.00
Direct Deposit 2,266.52
Total Pay 2,266.52

**Year to Date**

| Wages | Regular Hours | Regular Amount | Overtime Hours | Overtime Amount | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Basic Wages | 184.00 | 3,462.34 | 129.00 | 3,435.06 | 42.50 | 1,909.75 | 355.50 | 8,807.15 | FICA-SS | 561.98 |
| Supplement | | 42.84 | | | | | | 42.84 | FICA-MED | 131.43 |
| Triple Time | 4.00 | 214.21 | | | | | 4.00 | 214.21 | FIT | 1,296.74 |
| | | | | | | | | | California SIT | 417.26 |
| | | | | | | | | | California SDI | 81.58 |
| Totals | 188.00 | 3719.39 | 129.00 | 3435.06 | 42.50 | 1909.75 | 359.50 | 9,064.20 | | 2,488.99 |

Never paid triple time

Total Pay 6,575.21

9/25 - 10/1

**NPI**

ENTERTAINMENT PAYROLL, INC.

**CORPORATE OFFICE**
2550 Hollywood Way
Fourth Floor, Suite 430
Burbank, CA 91505
Phone: 818-566-7878 Fax: 818-566-7879
www.NPIpayroll.com

WEEK 9-26 to 9-30

Please Check If:
- Non-Union ☐
- Union ☐
- Union Local

| | |
|---|---|
| Employee Name DAVID GOEBEL | Production Co. |
| SSN | Phone No. | Shooting Location |
| Occupation DRIVER | Ad Agency |
| Rate of Pay | Advertiser-Product |
| | Title |
| | Job No. |
| | P.O. No. |

| DAY | DATE | AICP LINE NO. | TIME IN | TIME OUT | MEAL BREAK #1 OUT | MEAL BREAK #1 IN | MEAL BREAK #2 OUT | MEAL BREAK #2 IN | TOTAL HOURS | PRODUCTION COMPANY USE ONLY: REGULAR Hrs. | Rate | AMOUNT | 1.5X Hrs. | Rate | AMOUNT | 2X Hrs. | Rate | AMOUNT | 3X Hrs. | Rate | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SUN | | | | | | | | | | | | | | | | | | | | | |
| MON | 9/26 | | 0850 | 2200 | 1800 | 1330 | | | 13.5 | | | | | | | | | | | | |
| TUES | 9/27 | | 0900 | 2500 | 1800 | 1830 | | | 16.0 | | | | | | | | | | | | |
| WED | 9/28 | | 1100 | 2550 | 1800 | 1830 | | | 14.5 | | | | | | | | | | | | |
| THU | 9/29 | | 1050 | 3200 | 1800 | 1830 | | | 21.5 | | | | | | | | | | | | |
| FRI | 9/30 | | 2000 | 3500 | 2400 | 2430 | | | 15.0 | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | | | | | | | | | |

| OTHER NON-TAXABLE REIMBURSEMENTS ITEM | AMOUNT | MISC. DEDUCTIONS ITEM | AMOUNT | Prod. Mgr. Initials | COMMENTS: | TOTAL AMOUNT |
|---|---|---|---|---|---|---|
| | $ | | $ | | | |
| | $ | | $ | | | |
| | $ | | $ | | | |

I certify that the information contained in this timecard is true and complete to the best of my knowledge. I agree to notify NPI Production Services, Inc. within 24 hours of any work related injury by telephone and agree to complete any related claim forms within 48 hours of injury.

David R Goebel 10-3-2016

Employee Signature Date Production Manager Signature Date

Form **W-4**
Department of the Treasury
Internal Revenue Service

## Employee's Withholding Allowance Certificate

**▶ For Privacy Act and Paperwork Reduction Act Notice, see attached.**

OMB No. 1545-0010
**20**

1 Type or print your first name and middle initial Last name

2 Your social security number

Home address (number and street or rural route)

3 ☐ Single ☐ Married ☐ Married, but withhold at higher Single rate.
**Note:** *If married, but legally separated, or spouse is a nonresident alien, check the single box.*

City or town, state, and ZIP code

4 If your last name differs from that on your social security card, check here and call 1-800-772-1213 for a new card ▶ ☐

5 Total number of allowances you are claiming 5

6 Additional amount, if any, you want withheld from each paycheck 6 $

7 I claim exemption from withholding for 20 and I certify that I meet **BOTH** of the following conditions for exemption:
- Last year I had a right to a refund of **ALL** Federal income tax withheld because I had **NO** tax liability; **AND**
- This year I expect a refund of **ALL** Federal income tax withheld because I expect to have **NO** tax liability

If you meet both conditions, enter "EXEMPT" here ▶ 7

Under penalties of perjury, I certify that I am entitled to the number of withholding allowances claimed on this certificate or entitled to claim exempt status.

**Employee's signature ▶** **Date ▶** , 20

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David B Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 10/1[illegible]/16 Check #: 163011
Period begin: 10/02/16 Period end: 10/08/16

| | Regular | | | Overtime | | | Double Time | | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wages | Rate | Hours | Amount | Rate | Hours | Amount | Rate | Hours | Amount | Hours | Amount | Deductions | Amount |
| Basic Wages | 31.57 | 32.00 | 1,010.24 | 47.36 | 8.00 | 378.84 | 63.14 | 8.50 | 536.69 | 48.50 | 1,925.77 | FICA-SS | 119.40 |
| Expenses - Travel | GAS | | 53.39 | | | | | | | | 53.39 | FICA-MED | 27.92 |
| | | | | | | | | | | | | FIT | 258.22 |
| | | | | | | | | | | | | California SIT | 81.90 |
| | | | | | | | | | | | | California SDI | 17.33 |
| Totals | | 32.00 | 1010.24 | | 8.00 | 378.84 | | 8.50 | 536.69 | 48.50 | 1,925.77 | | 504.77 |

Driver / Local 399
Stranded, LLC
8060 Shelborne Dr
Granite Bay, CA 95746

Accruable benefits | Used this check | Available

| | |
|---|---|
| Net Check | 0.00 |
| Direct Deposit | 1,474.39 |
| Total Pay | 1,474.39 |

Year to Date

| | Regular | | Overtime | | Double Time | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Wages | Hours | Amount | Hours | Amount | Hours | Amount | Hours | Amount | Deductions | Amount |
| Basic Wages | 216.00 | 4,472.58 | 137.00 | 3,813.90 | 51.00 | 2,446.44 | 404.00 | 10,732.92 | FICA-SS | 681.38 |
| Expenses - Travel | | 53.39 | | | | | | 53.39 | FICA-MED | 159.35 |
| Supplement | | 42.84 | | | | | | 42.84 | FIT | 1,554.96 |
| Triple Time | 4.00 | 214.21 | | | | | 4.00 | 214.21 | California SIT | 499.16 |
| | | | | | | | | | California SDI | 98.91 |
| Totals | 220.00 | 4729.63 | 137.00 | 3813.90 | 51.00 | 2446.44 | 408.00 | 10,989.97 | | 2,993.76 |

Total Pay 8,049.60

NPI
ENTERTAINMENT PAYROLL, INC.

48.50

WEEK 10-3 to 10-6

50.50 Hours


## Corporate Office
2550 Hollywood Way, Fourth Floor, Suite 430, Burbank, CA 91505
Phone: 818-566-7878 Fax: 818-566-7881
www.npipayroll.com


Please Check If:
Non-Union ○
Union ○
Union Local

| | |
|---|---|
| Employee Name DAVID GOEBEL | Production Co. |
| Last 4 of your SSN Phone No. | Shooting Location |
| Occupation | Ad Agency |
| Rate of Pay | Advertiser-Product |
| | Title |
| | Job No. |
| | P.O. No. |

* This timecard is based on the 24-hour clock

| DAY | DATE | AICP LINE NO. | TIME IN | TIME OUT | MEAL BREAK #1 OUT | MEAL BREAK #1 IN | MEAL BREAK #2 OUT | MEAL BREAK #2 IN | TOTAL HOURS | Per Diem Reim. | REGULAR Hrs. | REGULAR Rate | REGULAR AMOUNT | 1.5X Hrs. | 1.5X Rate | 1.5X AMOUNT | 2X Hrs. | 2X Rate | 2X AMOUNT | 3X Hrs. | 3X Rate | 3X AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SUN | 10- | | | | | | | | | | | | | | | | | | | | | |
| MON | 10-3 | | 750 | ~~1550~~ 1600 | 1300 | 1350 | | | 8.5 | | | | | | | | | | | | | |
| TUE | 10-4 | | 750 | 2250 | 1300 | 1350 | | | 15 | | | | | | | | | | | | | |
| WED | 10-5 | | 950 | 2800 | 1300 | 1350 | | | 18.5 | | | | | | | | | | | | | |
| THU | 10-6 | | 800 | 1650 | 1300 | 1350 | | | 8.5 | | | | | | | | | | | | | |
| FRI | | | | | | | | | | | | | | | | | | | | | | |
| SAT | | | | | | | | | | | | | | | | | | | | | | |

| OTHER NON-TAXABLE REIMBURSEMENTS ITEM | AMOUNT | MISC. DEDUCTION ITEM | AMOUNT | Prod. Mgr. | COMMENTS: | TOTAL AMOUNT |
|---|---|---|---|---|---|---|
| | $ | | $ | | | |
| | $ | | $ | | | |
| | $ | | $ | | | |

I certify that the information contained in this timecard is true and complete to the best of my knowledge. I agree to notify NPI Production Services, Inc., within 24 hours of any work related injury by telephone and agree to complete any related claim forms within 48 hours of injury.

David R. Goebel — 10-6-2016

Employee Signature Date

Production Manager Signature Date

**** DON'T FORGET TO COMPLETE YOUR W-4 ****
http://www.irs.gov/pub/irs-pdf/fw4.pdf

183905

NPI ENTERTAINMENT PAYROLL, INC.
2550 Hollywood Way, Suite 430
Burbank, CA 91505
PH: 818-566-7878 or 866-296-2267

93-527/929

Check date: 06/28/17

Pay to the order of: David R Goebel $ ********1,650.34

**One Thousand Six Hundred Fifty And 34/100 Dollars********************************

David R Goebel
[redacted]

VOID AFTER 180 DAYS

[redacted]

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 06/28/17 Check #: 183905
Period begin: 08/28/16 Period end: 09/03/16

| Regular | | | | Overtime | | | Double Time | | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wages | Rate | Hours | Amount | Rate | Hours | Amount | Rate | Hours | Amount | Hours | Amount | Deductions | Amount |
| Supplement | | | 2,322.87 | | | | | | | | 2,322.87 | FICA-SS | 144.02 |
| | | | | | | | | | | | | FICA-MED | 33.68 |
| | | | | | | | | | | | | FIT | 355.77 |
| | | | | | | | | | | | | California SIT | 118.15 |
| | | | | | | | | | | | | California SDI | 20.91 |
| Totals | | | 2322.87 | | | | | | | | 2,322.87 | | 672.53 |

Van Driver
Stranded, LLC
8060 Shelbourne Dr
Granite Bay, CA 95746

Accruable benefits Used this check Available

| | |
|---|---|
| Net Check | 1,650.34 |
| Direct Deposit | |
| Total Pay | 1,650.34 |

Year to Date

| Regular | | Overtime | | Double Time | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|
| Wages | Hours | Amount | Hours | Amount | Hours | Amount | Hours | Amount | Deductions | Amount |
| Supplement | | 2,322.87 | | | | | | 2,322.87 | FICA-SS | 144.02 |
| | | | | | | | | | FICA-MED | 33.68 |
| | | | | | | | | | FIT | 355.77 |
| | | | | | | | | | California SIT | 118.15 |
| | | | | | | | | | California SDI | 20.91 |
| Totals | | 2322.87 | | | | | | 2,322.87 | | 672.53 |

Total Pay 1,650.34

NPI ENTERTAINMENT PAYROLL INC
2550 Hollywood Way, Suite 430
Burbank, CA 91505
PH: 818-566-7878 or 866-296-2267

Wells Fargo
93-527/929

183911

Check date: 06/28/17

Pay to the order of: David R Goebel $ *******1,316.14

**One Thousand Three Hundred Sixteen And 14/100 Dollars************************

David R Goebel
[redacted]

VOID AFTER 180 DAYS

[redacted]

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 06/28/17 Check #: 183911
Period begin: 09/04/16 Period end: 09/10/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Supplement | | | 1,737.70 | | | | | | | | 1,737.70 | FICA-SS | 107.74 |
| | | | | | | | | | | | | FICA-MED | 25.20 |
| | | | | | | | | | | | | FIT | 209.47 |
| | | | | | | | | | | | | California SIT | 63.51 |
| | | | | | | | | | | | | California SDI | 15.64 |
| Totals | | | 1737.70 | | | | | | | | 1,737.70 | | 421.56 |

Van Driver
Stranded, LLC
8060 Shelbourne Dr
Granite Bay, CA 95746

Accruable benefits | Used this check | Available

| | |
|---|---|
| Net Check | 1,316.14 |
| Direct Deposit | |
| Total Pay | 1,316.14 |

Year to Date

| Wages | Regular Hours | Regular Amount | Overtime Hours | Overtime Amount | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Supplement | | 4,060.57 | | | | | | 4,060.57 | FICA-SS | 251.76 |
| | | | | | | | | | FICA-MED | 58.88 |
| | | | | | | | | | FIT | 565.24 |
| | | | | | | | | | California SIT | 181.66 |
| | | | | | | | | | California SDI | 36.55 |
| Totals | | 4060.57 | | | | | | 4,060.57 | | 1,094.09 |

Total Pay 2,966.48

NPI ENTERTAINMENT PAYROLL, INC.
2550 Hollywood Way, Suite 430
Burbank, CA 91505
PH: 818-566-7878 or 866-296-2267

183917
93-527/929

Check date: 06/28/17

**Pay to the order of:** David R Goebel $ *******1,060.29

**One Thousand Sixty And 29/100 Dollars*********************************************

David R Goebel
[redacted]

VOID AFTER 180 DAYS

[redacted]

Security features included. Details on back.

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 06/28/17 Check #: 183917
Period begin: 09/11/16 Period end: 09/17/16

| Regular | | | | Overtime | | | Double Time | | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wages | Rate | Hours | Amount | Rate | Hours | Amount | Rate | Hours | Amount | Hours | Amount | Deductions | Amount |
| Supplement | | | 1,364.76 | | | | | | | | 1,364.76 | FICA-SS | 84.61 |
| | | | | | | | | | | | | FICA-MED | 19.79 |
| | | | | | | | | | | | | FIT | 150.15 |
| | | | | | | | | | | | | California SIT | 37.64 |
| | | | | | | | | | | | | California SDI | 12.28 |
| Totals | | | 1364.76 | | | | | | | | 1,364.76 | | 304.47 |

Van Driver
Stranded, LLC
8060 Shelbourne Dr
Granite Bay, CA 95746

Accruable benefits Used this check Available

| | |
|---|---|
| Net Check | 1,060.29 |
| Direct Deposit | |
| Total Pay | 1,060.29 |

Year to Date

| Regular | | | Overtime | | Double Time | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Wages | Hours | Amount | Hours | Amount | Hours | Amount | Hours | Amount | Deductions | Amount |
| Supplement | | 5,425.33 | | | | | | 5,425.33 | FICA-SS | 336.37 |
| | | | | | | | | | FICA-MED | 78.67 |
| | | | | | | | | | FIT | 715.39 |
| | | | | | | | | | California SIT | 219.30 |
| | | | | | | | | | California SDI | 48.83 |
| Totals | | 5425.33 | | | | | | 5,425.33 | | 1,398.56 |

Total Pay 4,026.77

183923

93-527/929

NPI ENTERTAINMENT PAYROLL, INC.
2550 Hollywood Way, Suite 430
Burbank, CA 91505
PH: 818-566-7878 or 866-296-2267

Check date: 06/28/17

**Pay to the order of:** David R Goebel $ *******1,160.73

**One Thousand One Hundred Sixty And 73/100 Dollars*****************************

David R Goebel
[redacted]

VOID AFTER 180 DAYS

Security features included. Details on back.

[redacted]

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 06/28/17 Check #: 183923
Period begin: 09/18/16 Period end: 09/24/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Supplement | | | 1,508.56 | | | | | | | | 1,508.56 | FICA-SS | 93.53 |
| | | | | | | | | | | | | FICA-MED | 21.87 |
| | | | | | | | | | | | | FIT | 171.72 |
| | | | | | | | | | | | | California SIT | 47.13 |
| | | | | | | | | | | | | California SDI | 13.58 |
| Totals | | | 1508.56 | | | | | | | | 1,508.56 | | 347.83 |

Van Driver
Stranded, LLC
8060 Shelbourne Dr
Granite Bay, CA 95746

Accruable benefits Used this check Available

| | |
|---|---|
| Net Check | 1,160.73 |
| Direct Deposit | |
| Total Pay | 1,160.73 |

Year to Date

| Wages | Regular Hours | Regular Amount | Overtime Hours | Overtime Amount | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Supplement | | 6,933.89 | | | | | | 6,933.89 | FICA-SS | 429.90 |
| | | | | | | | | | FICA-MED | 100.54 |
| | | | | | | | | | FIT | 887.11 |
| | | | | | | | | | California SIT | 266.43 |
| | | | | | | | | | California SDI | 62.41 |
| Totals | | 6933.89 | | | | | | 6,933.89 | | 1,746.39 |

Total Pay 5,187.50

Exhibit 1 - 012

NPI
ENTERTAINMENT PAYROLL, INC.
2550 Hollywood Way, Suite 430
Burbank, CA 91505
PH: 818-566-7878 or 866-296-2267

183965
93-527/929

Check date: 06/28/17

**Pay to the order of:** David R Goebel $ ************93.83

**Ninety-Three And 83/100 Dollars*****************************************************

David R Goebel
[redacted]

VOID AFTER 180 DAYS

[redacted]

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 06/28/17 Check #: 183965
Period begin: 09/25/16 Period end: 10/01/16

| Wages | Regular Rate | Regular Hours | Regular Amount | Overtime Rate | Overtime Hours | Overtime Amount | Double Time Rate | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Supplement | | | 102.60 | | | | | | | | 102.60 | FICA-SS | 6.37 |
| | | | | | | | | | | | | FICA-MED | 1.48 |
| | | | | | | | | | | | | California SDI | 0.92 |
| Totals | | | 102.60 | | | | | | | | 102.60 | | 8.77 |

Van Driver
Stranded, LLC
8060 Shelbourne Dr
Granite Bay, CA 95746

Accruable benefits Used this check Available

| | |
|---|---|
| Net Check | 93.83 |
| Direct Deposit | |
| Total Pay | 93.83 |

Year to Date

| Wages | Regular Hours | Regular Amount | Overtime Hours | Overtime Amount | Double Time Hours | Double Time Amount | Total Hours | Total Amount | Deductions | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Supplement | | 7,115.41 | | | | | | 7,115.41 | FICA-SS | 441.16 |
| | | | | | | | | | FICA-MED | 103.17 |
| | | | | | | | | | FIT | 887.11 |
| | | | | | | | | | California SIT | 266.43 |
| | | | | | | | | | California SDI | 64.04 |
| Totals | | 7115.41 | | | | | | 7,115.41 | | 1,761.91 |

Total Pay 5,353.50

**NPI ENTERTAINMENT PAYROLL, INC.**

2550 Hollywood Way, Suite 430
Burbank, CA 91505
PH: 818-566-7878 or 866-296-2267

183924

93-527/929

Check date: 06/28/17

**Pay to the order of:** David R Goebel $ ***********72.17

**Seventy-Two And 17/100 Dollars*******************************************************

David R Goebel
[redacted]

VOID AFTER 180 DAYS

Security features included. Details on back.

[redacted]

NPI Entertainment Payroll Inc
2550 Hollywood Way, Suite 430
Burbank, CA 91505

David R Goebel
[redacted]

SSN: [redacted]
EMP #: 58785

Check date: 06/28/17 Check #: 183924
Period begin: 10/02/16 Period end: 10/08/16

| Regular | | | | Overtime | | | Double Time | | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wages | Rate | Hours | Amount | Rate | Hours | Amount | Rate | Hours | Amount | Hours | Amount | Deductions | Amount |
| Supplement | | | 78.92 | | | | | | | | 78.92 | FICA-SS | 4.89 |
| | | | | | | | | | | | | FICA-MED | 1.15 |
| | | | | | | | | | | | | California SDI | 0.71 |
| Totals | | | 78.92 | | | | | | | | 78.92 | | 6.75 |

Van Driver
Stranded, LLC
8060 Shelbourne Dr
Granite Bay, CA 95746

Accruable benefits Used this check Available

| | |
|---|---|
| Net Check | 72.17 |
| Direct Deposit | |
| Total Pay | 72.17 |

**Year to Date**

| Regular | | | Overtime | | Double Time | | Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Wages | Hours | Amount | Hours | Amount | Hours | Amount | Hours | Amount | Deductions | Amount |
| Supplement | | 7,012.81 | | | | | | 7,012.81 | FICA-SS | 434.79 |
| | | | | | | | | | FICA-MED | 101.69 |
| | | | | | | | | | FIT | 887.11 |
| | | | | | | | | | California SIT | 266.43 |
| | | | | | | | | | California SDI | 63.12 |
| Totals | | 7012.81 | | | | | | 7,012.81 | | 1,753.14 |

Total Pay 5,259.67

9564889527 RC24

UNITED STATES POSTAGE

PITNEY BOWES

02 1P $ 000.670

0000244544 JUN 27 2017

MAILED FROM ZIP CODE 91505

# Exhibit 2

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action. I authorize my attorneys to contact my employer to request copies of my personnel file and other records pertaining to my work for the employer under the provisions of sections 226(b) and 1198.5 of the California Labor Code.

07-05-2017
Date

DAVID R. GOEBEL
Print Name

[signature]
Signature